### JOSIAH POMROY *vs.* HENRY STEVENS.

An omission to comply with the provision in the Rev. Sts. *c.* 90, § 28, that an attachment of real estate shall not be valid against a subsequent purchaser or attaching creditor, unless the writ or a copy thereof, and of the officer's return of the attachment, shall be deposited in the clerk's office, can be taken advantage of only by those who subsequently purchase or attach the estate.

Under the Rev. Sts. *c.* 59, § 28, which provide that no unrecorded conveyance of an estate in fee or for life shall be valid and effectual, except against the grantor, &c. " and persons having actual notice thereof," evidence of open occupation, possession and cultivation of land, and fencing it, by a party who has an unrecorded deed thereof, is not sufficient to warrant the inference that a third person had any notice of such deed.

WRIT OF ENTRY to recover forty three acres of land in Hancock. At the trial before *Shaw*, C. J. both parties claimed title to the demanded premises under Hiram Chapman. The demandant claimed under a levy upon the premises, made on the 8th of November 1842, upon an execution against said Chapman, in pursuance of an attachment alleged to have been made on the 6th of December 1841. The tenant claimed under a deed of the premises, made to him by said Chapman, on the 4th day of February 1839, acknowledged on the same day, and recorded on the 10th of December 1842.

Several objections (which need not be here stated) were made to the legality and sufficiency of the demandant's said levy, which were overruled by the judge.

An objection was then made to the demandant's attachment of the demanded premises, on the ground of a discrepancy between the officer's return thereof on the original writ and his return on the copy deposited in the clerk's office and entered in the clerk's book, pursuant to Rev. Sts. *c.* 90, §§ 28 – 30. The attachment on the writ purported to be made on the 7th of December 1841, whereas, on said copy, it was stated to be on the 6th of said December. The judge ruled, *first*, that this slight misdescription of the attachment did not raise a doubt of its identity, nor affect any one's rights; and *secondly*, that, as the tenant did not claim under any subsequent conveyance or attachment, by the terms of the statute he could not take advantage of such misdescription.

The defence was, that the demandant, when he made his levy, and when he made his attachment, had actual notice of the tenant's prior unrecorded deed. In support of this defence, the tenant offered evidence to show that he was in the open occupation and possession of the demanded premises; that he pastured part thereof, and cultivated other parts thereof; and that this was so open and visible as to warrant a belief that the demandant knew it. This evidence was objected to as incompetent, having no tendency to prove knowledge of a preëxisting title by deed, rather than a tenancy for years or at will. Whereupon the judge ruled, that such acts of occupation and improvement were not competent evidence, unless connected with some admission or declaration of the demandant, showing that he attributed such acts to the existence of a previous conveyance.

The tenant then proposed to prove some improvements of a more expensive and permanent character, such as an owner only would be likely to make; and for this purpose he offered to prove that he joined with a neighbor who had purchased another part of said Hiram Chapman's land, and put his deed on record, in building a partition rail fence, of considerable

21 *

extent. But the judge ruled, that such fencing fell under the rule before stated, in regard to possession, occupation and improvement, and had no tendency to prove a preëxisting deed.

The tenant's counsel declined going to the jury upon the question of fact, and consented to a verdict for the demandant, subject to the opinion of the whole court upon the rulings at the trial.

*Bishop*, for the tenant.

*Rockwell*, for the demandant.

WILDE, J. The parties in this case both claim their titles under Hiram Chapman ; and the general question is, which party has the better title.

The tenant claims under a deed dated February 4th 1839, acknowledged the same day, but not recorded until the 10th of December 1842. The demandant claims under a levy of an execution, alleged to have been made on the 8th of November 1842, in pursuance of an attachment alleged to have been made on the 6th of December 1841.

Several objections were taken, at the trial, to the legality of the demandant's levy ; but they were all overruled, and no exceptions were taken to the ruling of the court in this respect. An objection was also made to the validity of the attachment, on the ground that in the copy left at the clerk's office there was a misdescription as to the day when the attachment was made ; the attachment purporting to have been made on the 7th of December, and in the clerk's book it was stated to be on the 6th of December. But this objection is immaterial, as the tenant was a *previous* purchaser, and could not have been prejudiced by this slight mistake. The Rev. Sts. *c.* 90, § 28, provide that "no attachment of real estate, on mesne process, shall be valid against any subsequent attaching creditor, or against any person who shall afterwards purchase the same," &c. " unless the original writ or a copy thereof, and so much of the officer's return thereon as relates to the attachment of such estate, shall be deposited in the office of the clerk of the court," &c. This provision

is made for the benefit of *subsequent* purchasers and attaching creditors, and by them only can advantage be taken of any non-compliance therewith.

The remaining objection to the demandant's title is that on which the tenant principally relies.    He contends, that at the time of the demandant's attachment and the levy of his execution, the demandant had actual notice of the tenant's prior title ; and he offered evidence to prove that, before the attachment, he was in the open and visible possession of the demanded premises, · cultivating the same, and making improvements of a permanent character thereon ; and he contended that this was competent and sufficient evidence to warrant the jury in finding that the demandant had actual notice of the tenant's title.    But the presiding judge was of a different opinion, and ruled accordingly.    Whether the demandant had notice of the tenant's title or not, was a question of fact for the jury to decide.    But the competency and sufficiency of the evidence to prove the fact were within the province of the court to determine ; and we are all of opinion that the ruling of the presiding judge on this point was well founded.

Before the Rev. Sts. *c.* 59, § 28, the open and notorious possession and improvement of real estate, by a party entering under a deed not registered, was, in general, sufficient evidence from which notice of such deed might be inferred or implied, so as to avoid a subsequent deed or attachment. But to have that effect, the evidence must have been such as to render the inference not merely probable, but necessary and unquestionable. *M'Mechan* v. *Griffing,* 3 Pick. 149. But since the Rev. Sts. *c.* 59, § 28, no implied or constructive notice of an unregistered deed can avoid a subsequent deed or attachment.    The statute expressly provides that no conveyance of real estate shall be valid and effectual, against any person other than the grantor and his heirs and devisees, and persons having actual notice thereof, unless it is made by a deed recorded as the statute directs.    Since this provision, no implied or constructive notice of an unregistered deed

will give it validity against a subsequent purchaser or attaching creditor. It is not sufficient to prove facts that would reasonably put him on inquiry. He is not bound to inquire; but the party relying on an unregistered deed, against a subsequent purchaser or attaching creditor, must prove that the latter had actual notice or knowledge of such deed. The evidence offered was clearly insufficient to prove any such notice or knowledge. A tenant for years, or at will, may have possession of real estate, and may build fences, and make other improvements thereon; or a party may have possession, and make improvements, without any title by deed or by lease.

The evidence of such possession and improvements is wholly insufficient to prove that the party in possession holds under a conveyance to him in fee simple. The evidence offered, therefore, would not have warranted the inference that the demandant had any notice or knowledge of the tenant's title deed.

*Judgment on the verdict*